Donald Rozz<br>
1476 Hancock Street<br>
Elmont, New York 11003<br>
drofficialemail@gmail.com<br>
(516)-292-1835<br>
October 20, 2020

Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

F I L E D<br>
IN CLERK'S OFFICE<br>
U.S. DISTRICT COURT E.D.N.Y.<br>
★   OCT 22 2020   ★<br>
LONG ISLAND OFFICE

    Re: *Rozz v. County of Nassau, et al.*
        EDNY Docket No. 20-cv-01812 JMA-AYS

Dear Magistrate Judge Shields:

This is a request for a pre-motion conference so I (the plaintiff) can file a motion for sanctions against defendant Ryan Costigan and his counsel concerning a knowingly false statement on a material issue that counsel made to Your Honor in Doc. 10 which resulted in an undeserved benefit to Costigan and an increase in litigation costs to me.

**The knowingly false factual contention**

The deadline for defendant Costigan to answer the complaint as of right was July 15, 2020 [Doc. 8].

On July 16, 2020, Costigan's counsel filed a letter telling Your Honor that Costigan's answer was due not on July 15, 2020, but rather on July 16, 2020 [Doc. 9 ¶2].

On July 17, 2020, at 9:59 a.m., I emailed Costigan's counsel alerting counsel to the misstatement and insisting that the misstatement be corrected.

One minute later at 10:00 a.m. [Doc. 10-1], Costigan's counsel received, read and understood my email [Doc. 10 ¶1].

Forty-one minutes later at 10:41 a.m., Costigan's counsel, rather than withdraw the false factual contention, filed a second letter telling Your Honor the same factual contention [Doc. 10 ¶3].

The factual contention by Costigan's counsel:

- Has no evidentiary support;
- Is demonstrably false [Doc. 8]; and
- Is on a material issue:

        JUDGE SHIELDS: Adjournments and Extensions of Time... All requests for adjournments ***must*** include the... original date of the appearance or deadline (emphasis added) [Individual Rule III(1)].

1

### Why Costigan's counsel did it

Costigan's counsel knowingly deceived Your Honor for the purpose of:

- Getting an undeserved extension of time to answer the complaint [Doc. 10, ¶2]; and

- Skipping and defeating established procedure which required that Costigan's postdeadline request be made by motion, not letter, and that such motion:

    - Be served at least 14 days before the hearing thereon (Rule 6[c][1]);
    - Include a certificate of service by mail (Rule 5[d][1][B][i]);
    - Include a supporting affidavit (Rule 6[c][2]);
    - Show "extraordinary circumstances" (Individual Rule III, LR 6.1[d]);
    - Show "good cause" and "excusable neglect" (Rule 6[b][1][B]); and
    - Indicate defendant County's position on the request (Individual Rule III[3]).

### How Costigan's counsel avoided detection

If I would have received notice of Costigan's counsel's request before Your Honor decided it on 7/20/2020, then I would have alerted Your Honor to its falsity.

With that in mind, Costigan's counsel avoided detection by:

- Creating the *false* impression that I received notice of the request by email [Doc. 10 ¶1: "I forwarded a courtesy copy to the Plaintiff's stated email address"];
- Not notifying me of the request by telephone;
- Not notifying me of the request in person; and
- Dropping the request in the mail for later delivery to me on 7/22/2020.

### The result

As a result of Costigan's counsel's knowingly false factual contention:
- Costigan received a benefit [Order entered 7/20/2020]. and
- I received an increase in litigation costs [Order entered 9/29/2020 requiring Doc. 16].

But for Costigan's counsel's deception:
- This court would not have extended Costigan's time to answer the complaint; and
- I would not have had to file opposition [Doc. 16] to Costigan's pre-motion conference letter [Doc. 14].

Costigan and/or his counsel should be directed to:
- Withdraw or correct the false factual contention;
- Withdraw Doc. 10 which contains the false factual contention; and
- Compensate me for the resulting increase in litigation costs.

_____
Donald Rozz, *plaintiff* 10/20/2020

Donald Rozz
1476 Hancock Street
Elmont, New York 11003

MID-ISLAND NY 117

20 OCT 2020 PM 6 L



United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

ATTN: Pro Se Office

11722-443800