UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONALD ROZZ,

                      Plaintiff,

      -against-

TOWN OF HEMPSTEAD, RYAN COSTIGAN,
COUNTY OF NASSAU, JOHN DOE POLICE
OFFICERS 1-9,

                      Defendants.
-------------------------------------------------------------------X

Civil Action No.: 20-cv1812
(JFB) (GRB)

**DEFENDANTS' REQUEST
<u>ORAL ARGUMENT</u>**

**DEFENDANTS, TOWN OF HEMPSTEAD AND RYAN COSTIGAN'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR SANCTIONS</u>**

**JASPAN SCHLESINGER LLP**
Attorneys for Defendants
Town of Hempstead and Ryan Costigan
300 Garden City Plaza, Fifth Floor
Garden City, New York 11530
(516) 746-8000

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................1

ARGUMENT

PLAINTIFF'S MOTION FOR SANCTIONS MUST BE DENIED ................................4

    A.    Plaintiff's Motion Should Be Denied Since The Court Denied Plaintiff Permission To File The Instant Motion Finding That Plaintiff Does Not Have Good Cause To File A Motion Seeking Sanctions Against TOH Defendants ..............4

    B.    TOH Defendants Appropriately Corrected The Inadvertent Calendaring Mistake ..................................................................................................................5

    C.    Sanctions Are Not Appropriate Under These Circumstances ........................6

    D.    Plaintiff's Remaining Arguments Have No Merit ...........................................9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

Brenner v. Philips, Appel & Walden,
　1998 U.S. Dist. LEXIS 10334 (S.D.N.Y. May 4, 1998, 93 Civ. 7838 (JFK) .......................... 7

Clapp v. LeBoeuf, Lamb, Leiby & MacRae,
　862 F. Supp. 1050 (S.D.N.Y. 1994) ...................................................................... 6, 7

Cooter & Gell v. Hartmarx Corp.,
　496 U.S. 384 (1990) ............................................................................................ 7

Don King Productions, Inc. v. Hofkins,
　No. 04 Civ. 9705 (PKL), 2004 U.S. Dist. LEXIS 25917, 2004 WL 2997800 (S.D.N.Y. Dec. 23, 2004) ............................................................................................................. 8

In re Korean Air Lines Disaster,
　798 F. Supp. 755 (E.D.N.Y. 1992) ....................................................................... 5, 7

Knipe v. Skinner,
　19 F. 3d 72 (2d Cir. 1994) .................................................................................... 6

LaBarge v. Chase Manhattan Bank, N.A.,
　1998 U.S. Dist. LEXIS 4508 (N.D.N.Y. Mar. 30, 1998, 95-CV-173 (RSP/GJD) ................... 7

Lorber v. Winston,
　993 F. Supp. 2d 250 (E.D.N.Y. 2014) ..................................................................... 6

Lozano v. Peace,
　2005 U.S. Dist. LEXIS 40360 (E.D.N.Y. July 11, 2005, No. CV 05-0174 (SJF) ............. 6, 10

Luscier v. Risinger Bros. Transfer,
　2015 U.S. Dist. LEXIS 129640 (S.D.N.Y. Sep. 17, 2015, No. 13-cv-8553 (PKC) ................ 7

Peralta v. Regent Catering, Inc.,
　2019 U.S. Dist. LEXIS 172855 (E.D.N.Y. Sep. 30, 2019, No. 17-cv-6993 (DLI) ................. 7

Pescatore v. PAN AM,
　97 F. 3d 1 (2d Cir. 1996) ...................................................................................... 5

Ramashwar v. City of New York,
　231 F. App'x 26 (2d Cir. 2007) ............................................................................... 8

Remer v. Sebelius,
　2014 U.S. Dist. LEXIS 38641 (S.D.N.Y. Mar. 24, 2014) .............................................. 8

Sachs v. Matano,
　2016 U.S. Dist. LEXIS 93353 (E.D.N.Y. July 15, 2016, No. CV 15-6049 (JFB) ................. 7

CEV/D1508609v3/M077922/C0094520

Westerbeke Corp. v. Daihatsu Motor Co.,
    304 F.3d 200 (2d Cir. 2002) ........................................................................................ 5

Witharana v. Dorsey,
    2014 U.S. Dist. LEXIS 18530 (E.D.N.Y. Feb. 12, 2014, No. 13-CV-3102 (ENV) ................. 8

CEV/D1508609v3/M077922/C0094520

**PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of defendants, Town of Hempstead ("TOH") and Ryan Costigan ("Costigan") (TOH and Costigan, collectively "TOH Defendants"), in opposition to plaintiff, Donald Rozz's ("Plaintiff") motion, pursuant to Fed. R. Civ. P. 11(c)(2), which asks this Court to impose sanctions against TOH Defendants based upon their alleged false statements made to Magistrate Judge Anne Y. Shields as part of their application for an extension of time to answer and/or move. As discussed below, this motion should be summarily denied because on October 27, 2020, this Court denied Plaintiff's request for a pre-motion conference to file the instant motion finding that: "Plaintiff has not demonstrated good cause for bringing the requested motion" (Exhibit "A"[1] at October 27, 2020 Docket entry). Even if not summarily denied, Plaintiff's motion should be denied as it is both procedurally defective and lacks merit.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On April 13, 2020, Plaintiff commenced this action by filing a complaint against TOH Defendants, County of Nassau and certain unknown County police officer defendants named as John Doe Police Officers 1-9, allegedly employed by County of Nassau. (Docket No.: 1). Plaintiff alleges certain claims under 42 U.S.C. § 1983 and pendent State law claims against, among others, TOH Defendants, all arising out of an alleged illegal search of his real property located at 1476 Hancock Street, Elmont, New York 11003 (the "Premises"), which occurred on April 12, 2017, and certain violations issued to him as a result of the condition of the Premises contained in the Court Information, dated April 13, 2017, issued by Costigan, a Code Enforcement Officer employed by the TOH. (Docket No.: 1).

---

[1] Unless noted otherwise, copies of the exhibits referenced herein are annexed to the Declaration of Christopher E. Vatter, Esq., dated January 7, 2021, submitted herewith, to which the Court is respectfully referred.

1

On April 27, 2020, the Court issued an Order which provided, in pertinent part, that "if service was not made upon the defendants by July 13, 2020, or plaintiff fails to show good cause why such service has not been effected, the complaint will be dismissed without prejudice ("April 27 Order"). (Docket No.: 4). Pursuant to the April 27 Order, "Plaintiff [was] directed to provide a copy of this Order to the defendants along with the summons and complaint, and shall file proof of service with the Court." (Docket No.: 4).

According to the affirmation of service[2] filed by Plaintiff (Docket No.: 8), Plaintiff alleges that on June 24, 2020, he personally served Costigan with a copy of the summons and complaint and that on July 9, 2020, he served a copy of the April 27 Order upon Costigan through the United States Postal Service. (Docket No.: 8). Plaintiff alleges that he personally served TOH with the summons and complaint on July 9, 2020 and that on July 9, 2020, he served a copy of the April 27 Order upon TOH through the United States Postal Service. (Docket No.: 8).

On July 16, 2020, TOH Defendants wrote to Magistrate Judge Shields and requested an extension of time for TOH Defendants to file an answer or, alternatively, make an application to Judge Azrack for a dispositive pre-motion conference. (Exhibit "B"). As part of this application, TOH Defendants indicated that based upon the affirmation of service, Costigan's answer was due on July 16, 2020 and TOH's answer was due on or about July 30, 2020. (Exhibit "B"). That was the first extension of time requested by TOH Defendants.

By email dated July 16, 2020, Plaintiff demanded that TOH Defendants withdraw its application for an extension of time. (Exhibit "C"). Accordingly, on July 17, 2020, TOH Defendants withdrew their prior application for an extension of time and requested a new

---

[2] The affirmation of service is dated July 9, 2020 and was signed by Armand Retamozzo. The affirmation of service is not notarized.

CEV/D1508609v3/M077922/C0094520

extension of time to answer or, alternatively, make an application for a dispositive pre-motion conference. (Exhibit "D"). As part of this application, TOH Defendants mistakenly indicated that the time for Costigan to answer expired on July 16, 2020. (Exhibit "D"). Plaintiff did not oppose this application. On July 20, 2020, the Court granted TOH Defendants' request for an extension of time to answer and extended the time for TOH Defendants to answer until August 17, 2020. (Exhibit "A").

On August 17, 2020, pursuant to Judge Azrack's Individual Rules, Rule IV B, TOH Defendants requested a pre-motion conference to allow TOH Defendants to file a motion to dismiss. (Docket No.: 14). On December 6, 2020, Plaintiff opposed TOH Defendants' application for leave to file a motion to dismiss and alleged, among other things, that Costigan's time to answer expired on July 15, 2020. (Docket No.: 16).

On or about October 20, 2020[3], Plaintiff requested permission to file a motion, pursuant to Fed. R. Civ. P., Rule 11(c), to impose sanctions against TOH Defendants alleging, among other things, that TOH Defendants misstated the date when Costigan's answer was due. (Docket No.: 20). On October 21, 2020, TOH Defendants opposed this application and informed the Court, among other things, that to the extent that TOH Defendants incorrectly stated that Costigan's time to file his answer was due on July 15, 2020, instead of July 16, 2020, such mistake was an inadvertent calendaring error and unintentional. (Exhibit "E"). On October 27, 2020, the Court issued an Order denying Plaintiff's application to file a motion for sanctions. In particular, the Court held that: "Plaintiff's request for a pre-motion conference in anticipation of making a motion for sanctions is denied. Plaintiff has not demonstrated good cause for bringing

---

[3] Plaintiff's application is dated October 20, 2020, but was uploaded to the Docket on October 22, 2020.

CEV/D1508609v3/M077922/C0094520

the requested motion. So Ordered by Magistrate Judge Anne Y. Shields on 10/27/2020." (Exhibit "A").

On November 6, 2020, TOH Defendants asked the Court to deny Plaintiff's motion since he did not have permission to file the instant motion. (Exhibit "F"). On November 20, 2020, TOH Defendants requested an extension of time to oppose Plaintiff's motion. (Exhibit "G"). On November 20, 2020, the Court extended the time for TOH Defendants to oppose Plaintiff's instant motion. (Exhibit "A").

## ARGUMENT

## PLAINTIFF'S MOTION FOR SANCTIONS MUST BE DENIED

Plaintiff's motion should be summarily denied since the Court denied his request to file the instant motion finding that: "Plaintiff has not demonstrated good cause for bringing the requested motion" (Exhibit "A"). Even if the Court were to entertain Plaintiff's motion, his motion must be denied since TOH Defendants in response to Plaintiff's request for a pre-motion conference to file a motion for sanctions, appropriately corrected the inadvertent calendaring mistake and informed the Court of this error. (Exhibit "E"). In any event, to the extent that Costigan's answer was due on July 15, 2020, instead of July 16, 2020, such mistake was an inadvertent calendaring error and unintentional. Such a mistake does not rise to the level necessary to impose sanctions.

### A. Plaintiff's Motion Should Be Denied Since The Court Denied Plaintiff Permission To File The Instant Motion Finding That Plaintiff Does Not Have Good Cause To File A Motion Seeking Sanctions Against TOH Defendants

On or about October 20, 2020, Plaintiff requested permission to file a motion, pursuant to Fed. R. Civ. P. Rule 11(c), to impose sanctions against TOH Defendants alleging that TOH Defendants misstated the date when Costigan's answer was due. (Docket No.: 20). On October

27, 2020, the Court denied Plaintiff's application to file a motion for sanctions finding that: "Plaintiff's request for a pre-motion conference in anticipation of making a motion for sanctions is denied. Plaintiff has not demonstrated good cause for bringing the requested motion." (Exhibit "A"). Plaintiff's motion should be denied since he did not have permission to file the instant motion.

Moreover, the Court has already determined that he does not have "good cause" for filing the motion. This determination is now the law of the case and Plaintiff's motion should be denied as the Court has already ruled on this issue. "The 'law of the case' doctrine is a rule of practice followed by New York courts that dictates that 'a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation.'" (Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 218 (2d Cir. 2002), citing In re Korean Air Lines Disaster, 798 F. Supp. 755, 759 (E.D.N.Y. 1992); see also Pescatore v. PAN AM, 97 F. 3d 1, 7-8 (2d Cir. 1996) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal citations and quotations omitted)). Plaintiff's current motion is simply a regurgitation of his pre-motion letter. The Court reviewed Plaintiff's pre-motion letter and determined that Plaintiff did not have good cause to file a motion for sanctions. This Order is now binding precedent and should be followed. Accordingly, the Court should deny Plaintiff's current motion.

### B. TOH Defendants Appropriately Corrected The Inadvertent Calendaring Mistake

Plaintiff's motion must be denied since TOH Defendants in response to Plaintiff's request for a pre-motion conference to file a motion for sanctions, appropriately corrected the inadvertent calendaring mistake and informed the Court of this error. (Exhibit "E").

5

"Rule 11(c)(1)(A), Fed. R. Civ. P. Rule 11(c)(1)(A) is referred to as a 'safe harbor' because it 'permits a party to escape sanctions by withdrawing an otherwise sanctionable filing within 21 days after being put on notice by the opposing party that sanctions will be sought.'" (Lozano v. Peace, 2005 U.S. Dist. LEXIS 40360, at *5 (E.D.N.Y. July 11, 2005, No. CV 05-0174 (SJF)(ETB)]).

In response to Plaintiff's pre-motion letter, on October 21, 2020, TOH Defendants specifically acknowledged and informed the Court that "Defendants, as part of their application for an extension of time, incorrectly stated that Costigan's time to file his answer was due on July 15, 2020, instead of July 16, 2020. To the extent that Costigan's answer was due on July 15, 2020, instead of July 16, 2020, such mistake was an inadvertent calendaring error and unintentional." Thus, in response to Plaintiff's pre-motion letter, TOH Defendants informed the Court of their error and, to the extent necessary, asked for permission to seek an extension of time to answer. (Exhibit "E"). Thus, since TOH Defendants withdrew the incorrect statement there is no basis to impose sanctions.

### C. Sanctions Are Not Appropriate Under These Circumstances

The Court should not impose sanctions under these circumstances. To the extent that TOH Defendants' inadvertently represented that Costigan's answer was due on July 16, 2020, instead of July 15, 2020, such mistake was an inadvertent calendaring error and unintentional. Such a mistake does not rise to the level necessary to impose sanctions.

"Imposition of sanctions under recently amended Rule 11 is discretionary, not mandatory. (Clapp v. LeBoeuf, Lamb, Leiby & MacRae, 862 F. Supp. 1050, 1062 (S.D.N.Y. 1994), citing Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994); see also Lorber v. Winston, 993 F. Supp. 2d 250, 253 (E.D.N.Y. 2014) ("[T]he decision whether to impose [Rule 11] sanctions is not

CEV/D1508609v3/M077922/C0094520

mandatory, but rather is a matter for the court's discretion.")). "Moreover, application of Rule 11 sanctions is limited 'to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.' This Circuit has warned that Rule 11 sanctions 'should be imposed with caution.' Consequently, Rule 11 sanctions should not be imposed indiscriminately." (Clapp, 862 F. Supp. at 1062 (internal citations omitted)). "Despite such unfettered authority, Rule 11 sanctions 'should be imposed with caution,' and any doubts should be resolved in favor of the non-moving party." (Sachs v. Matano, 2016 U.S. Dist. LEXIS 93353, at *20 (E.D.N.Y. July 15, 2016, No. CV 15-6049 (JFB) (AKT) (internal citations omitted)).

"The central goal of Rule 11 is the deterrence of baseless filings and the curbing of abuses." (Brenner v. Philips, Appel & Walden, 1998 U.S. Dist. LEXIS 10334, at *4 (S.D.N.Y. May 4, 1998, 93 Civ. 7838 (JFK), citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)). "Rule 11 sanctions should not be imposed 'for minor, inconsequential violations of the standards prescribed by subdivision (b).'" (Luscier v. Risinger Bros. Transfer, 2015 U.S. Dist. LEXIS 129640, at *22 (S.D.N.Y. Sep. 17, 2015, No. 13-cv-8553 (PKC), citing Rule 11, Fed. R. Civ. P., Advisory Committee notes to the 1993 amendments); see also (LaBarge v. Chase Manhattan Bank, N.A., 1998 U.S. Dist. LEXIS 4508, at *3-4 (N.D.N.Y. Mar. 30, 1998, 95-CV-173 (RSP/GJD)). "Sanctions under Rule 11 generally are proper only where a claim is completely lacking in merit or brought in bad faith." (Peralta v. Regent Catering, Inc., 2019 U.S. Dist. LEXIS 172855, at *5 (E.D.N.Y. Sep. 30, 2019, No. 17-cv-6993 (DLI) (JO)).

Here, TOH Defendants as part of their letter motion requesting additional time to answer or move to dismiss the Complaint incorrectly stated that the time for Costigan to serve his answer was July 16, 2020 instead of July 15, 2020. This was an inadvertent calendaring error and should be deemed a minor and inconsequential violation. Such an application was not filed in

7

bad faith and was simply a mistake in calculating the dates. This does not rise to the level of imposing sanctions.

Contrary to Plaintiff's claims, Plaintiff has suffered no prejudice by the Court granting the extension of time. The Court has wide discretion in granting an extension of time and the Court properly exercised that discretion. "Federal Rule of Civil Procedure 6(b)(1) gives [courts] wide discretion to grant a request for additional time." (<u>Witharana v. Dorsey</u>, 2014 U.S. Dist. LEXIS 18530, at *1 (E.D.N.Y. Feb. 12, 2014, No. 13-CV-3102 (ENV) (MDG), citing <u>Ramashwar v. City of New York</u>, 231 F. App'x 26,27-28 (2d Cir. 2007)). "Rule 6(b)(1) of the Federal Rules of Civil Procedure "gives the court wide discretion to grant a request for additional time.' '[C]ourts will normally grant such applications in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" (<u>Remer v. Sebelius</u>, 2014 U.S. Dist. LEXIS 38641, at *2-3 (S.D.N.Y. Mar. 24, 2014) (internal citations omitted); <u>see also</u> <u>Don King Productions, Inc. v. Hofkins</u>, No. 04 Civ. 9705 (PKL), 2004 U.S. Dist. LEXIS 25917, 2004 WL 2997800, at *3 (S.D.N.Y. Dec. 23, 2004) (granting request for 15-day extension of time to file motion to dismiss based on lack of bad faith and fact that limited extension would not prejudice plaintiff and case could still move expeditiously)). Generally, first requests for an extension of time to respond to a pleading should be agreed to by the parties. (<u>Remer v. Sebelius</u>, 2014 U.S. Dist. LEXIS 38641, at *3 (S.D.N.Y. Mar. 24, 2014) ("[I]t is common for lawyers practicing in this District at the outset of a lawsuit to agree as a professional courtesy to the first request for an extension of time to respond to a pleading.")).

TOH Defendants had good cause for such an extension of time to answer or move to dismiss this action. This firm was retained to represent both TOH and Costigan in this action. TOH Defendants' letter motion for an extension of time, initially filed on July 16, 2020, was the

CEV/D1508609v3/M077922/C0094520

first request for an extension of time to answer. According to the affirmation of service, Plaintiff allegedly served Costigan on June 24, 2020[4] and TOH on July 9, 2020. Thus, TOH Defendants sought an extension of time so that the time for both Defendants to answer or request a pre-motion conference was due on the same date. (Exhibit "D"). TOH Defendants actions were not undertaken in bad faith. At all times, TOH Defendants have actively defended this action and have timely filed a motion to dismiss pursuant to the Court's Order.

### D. Plaintiff's Remaining Arguments Have No Merit

Plaintiff makes various unsubstantiated factual and legal arguments in support of his motion. These arguments are unpersuasive. Plaintiff argues that TOH Defendants deceived Magistrate Judge Shields in obtaining the extension of time. (Rozz Decl. at ¶11). This is simply incorrect. In this firm's letter dated July 17, 2020 letter (Exhibit "D"), it informed the Court that it received an email from Plaintiff which, in sum and substance, provided that Plaintiff disagreed with certain representations set forth in this firm's July 16, 2020 letter requesting an extension of time and attached a copy of Plaintiff's email as part of its July 17, 2020 letter. Plaintiff's email specifically alleged that the time for Costigan to answer expired on July 15, 2020 and not July 16, 2020. Thus, this issue was brought to the Court's attention as part of TOH Defendants' motion for an extension of time.

Plaintiff has not been prejudiced by the extension of time and does not articulate any specific prejudice. Instead, Plaintiff alleges that he has increased litigation costs since he had to respond to Costigan's pre-motion conference letter. (Rozz Decl. at 15). This argument is

---

[4] Although Plaintiff alleges that it served the summons and complaint on Costigan on June 24, 2020, he did not comply with the April 27 Order which directed him to provide a copy of the April 27 Order along with the summons and complaint (Docket No.: 4). According to the affirmation of service, the April 27 Order was not served with the summons and complaint and was only served upon Costigan on July 9, 2020. (Docket No.: 8).

9

unfounded. TOH Defendants filed one letter requesting a pre-motion conference on behalf of both defendants. (Docket No.: 14). As such, Plaintiff only responded to one letter with respect to both defendants.

Plaintiff also requests that Defendants compensate him for his alleged "increase in litigation costs". Plaintiff, who is appearing pro se, has not identified any actual litigation costs and is not entitled to recover attorneys' fees on such a motion. (Lozano v. Peace, 2005 U.S. Dist. LEXIS 40360, at *10 (E.D.N.Y. July 11, 2005, No. CV 05-0174 (SJF)(ETB)]).

Plaintiff also argues that since Costigan's time to answer expired, Costigan was required to file a motion to obtain an extension of time to answer. Contrary to Plaintiff's claims, TOH Defendants submitted a letter motion seeking the relief sought. (Exhibit "D"). Plaintiff also alleges that TOH Defendants failed to notify him of their request for an extension of time by telephone or in person. (Rozz Decl. at ¶13). Plaintiff provides no legal basis for this allegation. TOH Defendants were under no such obligation.

## CONCLUSION

Based on the foregoing, Plaintiff's motion should be denied in its entirety, together with such other, further relief, which this Court may deem necessary, just and proper, and the costs and disbursements of this action.

Dated: Garden City, New York  
       January 7, 2021

JASPAN SCHLESINGER LLP  
Attorneys for Defendants Town of Hempstead and Ryan Costigan

By:   s/Christopher E. Vatter  
CHRISTOPHER E. VATTER  
300 Garden City Plaza, 5th Floor  
Garden City, New York 11530  
(516) 746-8000