```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONALD ROZZ,
                            Plaintiff,
                                                                   SUA SPONTE
         -against-                                                 REPORT AND
                                                                   RECOMMENDATION

                                                                   CV 20-1812 (JMA)(AYS)

TOWN OF HEMPSTEAD, RYAN COSTIGAN,
COUNTY OF NASSAU, JOHN DOE POLICE
OFFICERS 1-9

                            Defendants.
----------------------------------------------------------X
```

**SHIELDS, ANNE Y., United States Magistrate Judge:**

Pro se Plaintiff, Donald Rozz ("Plaintiff"), commenced this action on April 13, 2020, alleging multiple violations of his civil rights by Defendants, pursuant to 42 U.S.C. § 1983, as well as numerous state law causes of action. By letter motion dated October 22, 2020, Plaintiff requested a pre-motion conference in anticipation of moving for unspecified sanctions against Defendants in connection with Defendants' request for an extension of time to answer that was filed on July 17, 2020. (DE [20].) Upon review of Plaintiff's letter motion, as well as Defendants' response thereto, (DE [21]), this Court denied Plaintiff's request, finding that Plaintiff had failed to demonstrate good cause for bringing such a motion. (Order of Shields, M.J., dated Oct. 27, 2020.) The Court's electronic filing system shows that Plaintiff received notice of this Order electronically as soon as it was docketed.

Notwithstanding the Court's denial of his request for a pre-motion conference, Plaintiff served Defendants with a motion for sanctions, pursuant to Federal Rule of Civil Procedure 11, on November 4, 2021. (DE [22-1].) However, Plaintiff did not file the motion with the Court. The Court only became aware of the motion when Defendants filed their opposition to the

1

motion, arguing that the motion should be summarily denied because Plaintiff was not afforded leave to make the motion. Defendants thereafter requested additional time to oppose Plaintiff's motion on the merits, (DE [24]), which the Court granted on November 21, 2020.

Plaintiff's motion asserts that Defendant Ryan Costigan's ("Costigan") Answer to Plaintiff's Complaint was due on July 15, 2020, but Costigan failed to timely file his Answer. On July 16, 2020, Defendants' counsel filed a letter motion to this Court requesting an extension of time to answer and asserting that Costigan's Answer was due on July 16, 2020. (DE [9].) Plaintiff emailed Defendants' counsel on July 17, 2020, advising that the motion for an extension of time to answer contained a misstatement in that Costigan's Answer was due on July 15, 2020, not July 16, 2020, as counsel had represented. (Pl. Mot. for Sanctions 4.) Defendants' counsel thereafter filed a supplemental motion for extension of time to answer, advising the Court of Plaintiff's objections to the initial application, but again stating that Costigan's Answer was due on July 16, 2020. (DE [10].)

Plaintiff now moves for Rule 11 sanctions against Defendants on the ground that Defendants "knowingly deceived" this Court to obtain an "undeserved extension of time to answer the complaint." (Pl. Mot. for Sanctions 5.) In opposition, Defendants acknowledge that they mistakenly indicated that the time for Costigan to answer expired on July 16, 2020. (Def. Opp'n to Pl. Mot. for Sanctions 3, DE [28-8].) Defendants further assert that such an indication was due to an inadvertent calendaring error and was not intentional. (Id.)

DISCUSSION

As the Second Circuit has cautioned, "Rule 11 sanctions should be 'made with restraint.'" Lorber v. Winston, 993 F. Supp. 2d 250, 253 (E.D.N.Y. 2014) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 1999)). "[E]ven where a court

2

determines that Rule 11[] has been violated, the decision to impose sanctions is not mandatory, but rather is a matter for the court's discretion." Lorber, 993 F. Supp. 2d at 253 (citing Perez cv. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004)).

"The central goal of Rule 11 is the deterrence of baseless filings and the curbing of abuses." Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream, 159 F.R.D. 391, 395 (E.D.NY. 1995) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)). "Rule 11 sanctions should not be imposed 'for minor, inconsequential violations of the standards prescribed by subdivision (b).'" Elfoulki v. Brannons Sandwich Shop, LLC, No. 14-cv-5964, 2016 WL 3542458, at *2 (S.D.N.Y. June 22, 2016) (quoting Fed. R. Civ. P. 11, Advisory Committee notes to the 1993 amendments).

Here, the inadvertent misrepresentation as to the date on which Costigan's Answer was due – which was only misrepresented by one day – does not warrant the imposition of Rule 11 sanctions. As Defendants assert, the misrepresentation was the result of a calendaring mistake on their counsel's part, not an intentional act intended to deceive the Court, as Plaintiff argues. Moreover, when Plaintiff originally sought leave to make a motion for unspecified sanctions, this Court denied that request, finding there was not good cause to make such a motion. In complete disregard for this Court's Order, Plaintiff nonetheless served the within Rule 11 motion on Defendants. While that conduct violated this Court's Order, no party has moved for the imposition of sanctions with respect thereto and, given Plaintiff's pro se status, the Court will not recommend that any be imposed.

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for Rule 11 sanctions, which has been served on Defendants but not filed with this Court, be denied.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel and the Pro Se Plaintiff. Further, the Court is directing Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by February 25, 2021. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
       February 22, 2021

                                    /s/ Anne Y. Shields
                                    ANNE Y. SHIELDS
                                    United States Magistrate Judge