FILED
CLERK
12:12 pm, Sep 29, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

------------------------------------------------------------------X
DONALD ROZZ,

                    Plaintiff,

     -against-

**ORDER**
20-CV-1812 (JMA) (AYS)

TOWN OF HEMPSTEAD, RYAN COSTIGAN,
COUNTY OF NASSAU, JOHN DOE POLICE
OFFICERS 1-9,

                    Defendants.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Plaintiff Donald Rozz ("Plaintiff") commenced this action on April 13, 2020, alleging multiple violations of his civil rights by Defendants, pursuant to 42 U.S.C. § 1983, as well as numerous state law causes of action. By letter motion dated October 22, 2020, Plaintiff, who at the time represented himself pro se[1], requested a pre-motion conference in anticipation of moving for unspecified sanctions against Defendants in connection with Defendants' requests for an extension of time to answer that were filed on July 16, 2020 and July 17, 2020. (ECF No. 20.) Magistrate Judge Anne Y. Shields denied Plaintiff's request, finding that Plaintiff had failed to demonstrate good cause for bringing such a motion. (Electronic Order of Shields, M.J., Oct. 27, 2020.) Despite Judge Shields's order, on November 4, 2020, Plaintiff served Defendants with a motion for sanctions, pursuant to Federal Rule of Civil Procedure 11. (ECF No. 22-1.) Plaintiff argued that sanctions should be granted because Defendants made a false statement to Judge Shields in their request for an extension of time to file an answer, by stating that Defendant Costigan's answer was originally due on July 16, 2020 when it was actually due on July 15, 2020.

---

[1] On March 25, 2021, Samuel Christopher DePaola entered a notice of appearance on behalf of Plaintiff.

(Id.) Plaintiff did not file this motion with the Court. Defendants filed an opposition to the motion, arguing that the motion should be summarily denied because Plaintiff was not afforded leave to make the motion, (ECF No. 22), and, thereafter, requested additional time to oppose Plaintiff's motion on the merits, (ECF No. 24), which Judge Shields granted on November 21, 2020. Defendants then filed an opposition arguing that Plaintiff's motion was both procedurally defective and lacked merit, and explaining that the inadvertent misrepresentation as to the date on which Costigan's Answer was due was the result of a calendaring mistake on their counsel's part. (ECF No. 28.)

Judge Shields sua sponte issued a Report and Recommendation ("R&R") dated February 22, 2021 recommending that Plaintiff's motion for Rule 11 sanctions be denied. (ECF No. 30.) Plaintiff filed an objection to the R&R, (ECF No. 35), to which the Defendants filed an opposition. (ECF No. 36.) After conducting a review of the full record (including the motion papers, R&R, objections, and opposition) and applicable law, the Court adopts Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and Plaintiff's objections. I

agree with Judge Shields's recommendation that Plaintiff's motions be denied.

The Court therefore adopts Judge Shields's comprehensive and well-reasoned R&R in its entirety as the opinion of this Court. Accordingly, Plaintiff's motion for Rule 11 sanctions is denied.

**SO ORDERED.**

Dated: September 29, 2021
      Central Islip, New York

                                                    /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE