UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------X
DONALD ROZZ,

Plaintiff,

-against-

**ORDER**
20-CV-1812 (JMA) (AYS)

TOWN OF HEMPSTEAD, RYAN COSTIGAN, COUNTY OF NASSAU and JOHN or JANE DOE 1-10,

Defendants.
-----------------------------------------------------------X
**JOAN M. AZRACK, United States District Judge:**

Plaintiff Donald Rozz ("Plaintiff" or "Rozz") brings this civil rights action, alleging that on April 12, 2017, Defendants Town of Hempstead (the "Town"), Ryan Costigan ("Costigan") (together, the "Town Defendants"), the County of Nassau (the "County"), and unnamed John and Jane Does (the "John Doe Defendants") conducted an unlawful search of his home, resulting in various building code violations and citations being issued to Plaintiff. Plaintiff asserts claims pursuant to 42 U.S.C. Sections 1981, 1983, 1985, and 1986, for violation of his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights, as well as various state law and common law claims. Currently before the Court are motions to dismiss by the Town Defendants and the County.

For the reasons set forth below, the Court accepts Plaintiff's Amended Complaint, grants Defendants' motions in part, and directs the parties to file further submissions addressing the timeliness of the claims against the John/Jane Doe Defendants.

## I. BACKGROUND

The facts set forth below are drawn from Plaintiff's Amended Complaint. They are construed, as required in the context of the present motion, in Plaintiff's favor.

On April 12, 2017, at approximately 1:30 p.m., certain John Doe officers conducted a warrantless entry into Plaintiff's premises at 1476 Hancock Street in Elmont, New York (the "Premises") and proceeded to search said Premises. (Am. Compl. ¶¶ 21, 23, 25, ECF No. 40.) Certain John Doe officers directed Plaintiff not to move and informed him that he was not free to leave. (Id. ¶ 24.) Plaintiff then questioned the legitimacy of the search being conducted and requested the production of a warrant. (Id. ¶ 29.) Certain John Doe officers then telephoned an unnamed defendant, requesting that the individual contact the Town to request the appearance of a Town official or building inspector at the Premises to inspect possible violations of the Town Code (the "Code"). (Id. ¶ 31.)

At approximately 2:00 p.m. that same day, Defendant Costigan arrived at the Premises. (Id. ¶ 32.) Costigan proceeded to enter the Premises and conduct a search, also without a warrant. (Id. ¶ 33.) Costigan then issued Plaintiff numerous citations or summonses for various violations of the Code and the Town Building Zone Ordinance (the "Ordinance"). (Id. ¶ 35.) The issuance of said citations or summonses served to commence judicial proceedings against Plaintiff in Nassau County District Court entitled People v. Rozz, Docket Number CR-201106-17-HE. (Id. ¶ 36.)

The citations or summonses that Costigan issued to Rozz on April 12, 2017 mandated that he appear in court on June 6, 2017. (Id. ¶ 40.)

On April 13, 2017, Costigan prepared and signed an accusatory instrument (the "Information"), charging Plaintiff with the offenses alleged in the appearance tickets. (Id. ¶ 41.)

Plaintiff appeared in Nassau County District Court on June 6, 2017 and entered a plea of not guilty to all charges. (Id. ¶ 42.) On December 1, 2017, the court denied Plaintiff's motion to dismiss for lack of a speedy trial. (Id. ¶ 47.) In 2018, a trial was held on the Information. (Id. ¶

48.) The court denied Rozz's suppression motion, convicted him, and, on July 12, 2018, sentenced him to pay $2,000 in fines, which he paid in full. (Id. ¶ 53; People v. Rozz, 120 N.Y.S.3d 563 (N.Y. App. Term. 2019).)

On December 19, 2019, the Appellate Term reversed Plaintiff's conviction on the grounds that the Information was facially insufficient. (Am. Compl. ¶ 54; Rozz, 120 N.Y.S.3d 563.) The Appellate Court further directed that any fines paid by Plaintiff were to be remitted. (Am. Compl. ¶ 56.)

Plaintiff commenced the within action, pro se, on April 13, 2020. (Compl., ECF No. 1.) The County filed an Answer to Plaintiff's Complaint on July 28, 2020, within which it asserted cross-claims against the Town Defendants. (ECF No. 12.) The Town Defendants answered the County's cross-claims on August 3, 2020. (ECF No. 13.) By letter dated August 17, 2020, the Town Defendants requested a pre-motion conference in anticipation of moving to dismiss Plaintiff's Complaint. (ECF No. 14.) By Order dated December 4, 2020, this Court waived its pre-motion conference requirement and set a briefing schedule for the Town Defendants' motion to dismiss. (Order of Azrack, J., dated Dec. 4, 2020.)

On March 25, 2021, counsel appeared on behalf of Plaintiff herein. (ECF No. 37.) On April 5, 2021, Plaintiff's counsel requested an extension of time to respond to the Town Defendants' motion to dismiss based on their recent retention, (ECF No. 39), which was granted on April 14, 2021. (Order of Azrack, J., dated April 14, 2021.) Plaintiff then filed an Amended Complaint on April 20, 2021, without consent of Defendants or leave of court. (ECF No. 40.) All Defendants then sought permission to file motions to dismiss the Amended Complaint in its entirety. That request was granted and a briefing schedule was set. (Order of Azrack, J., dated Oct. 18, 2021.) Defendants' motions to dismiss are currently pending before the Court.

The Amended Complaint sets forth twenty-two causes of action[1]: (1) unlawful interference with recording of law enforcement activity, in violation of Section 79-p of the New York Civil Rights Law, (Am. Compl. ¶¶ 87-92); (2) retaliation for protected speech, in violation of the New York State Constitution, (id. ¶¶ 93-100); (3) First Amendment retaliation, (id. ¶¶ 101-07); (4) unlawful search and seizure, in violation of Plaintiff's Fourth Amendment rights and New York State law, (id. ¶¶ 108-22); (5) false arrest and false imprisonment, in violation of Plaintiff's Fourth and Fourteenth Amendment rights and New York State law, (id. ¶¶ 123-34); (6) assault, in violation of New York State law, (id. ¶¶ 135-38); (7) malicious prosecution, in violation of Plaintiff's Fourth and Fourteenth Amendment rights and New York State law, (id. ¶¶ 139-52); (8) abuse of process, in violation of Plaintiff's Fourth and Fourteenth Amendment rights and New York State law, (id. ¶¶ 153-66); (9) denial of due process, in violation of Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights and the New York State Constitution, (id. ¶¶ 167-182); (10) denial of equal protection, in violation of Plaintiff's Fourteenth Amendment rights, the New York State Constitution, and New York State law, (id. ¶¶ 183-204); (11) conspiracy, in violation of 42 U.S.C. §§ 1983, 1985 and 1986, (id. ¶¶ 205-13); (12) failure to intervene, in violation of violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights and New York State law, (id. ¶¶ 214-21); (13) negligent hiring, training, retention and supervision, in violation of both Federal and State law, (id. ¶¶ 222-33); and (14) municipal liability, (id. ¶¶ 234-41.)

[1] While the Amended Complaint contains twenty-three causes of action, a review of the document demonstrates that there are, in fact, twenty-two causes of action. The Amended Complaint fails to contain a ninth cause of action, instead skipping from the eighth cause of action to the tenth.

## II. DISCUSSION

### A. Overview

Defendants seek to dismiss the claims in Plaintiff's Amended Complaint on various grounds. Defendants challenge the propriety of Plaintiff's filing of the Amended Complaint. Defendants also assert, inter alia, that Plaintiff's claims are time-barred, that Plaintiff's state law claims are precluded because Plaintiff failed to file a timely notice of claim, and that Plaintiff's claims fail on the merits. While Plaintiff has agreed to withdraw certain time-barred claims, Plaintiff maintains that the remainder of his claims are timely, plausible, and otherwise properly before the Court.

As explained below, the Court accepts the Amended Complaint and dismisses all the claims that Plaintiff has voluntarily withdrawn. The Court then turns to the claims that Defendants contend are time-barred.

### B. The Propriety of the Amended Complaint

A threshold matter that the Court must determine is whether the Amended Complaint is properly before the Court. Defendants assert that Plaintiff no longer possessed the right to file an Amended Complaint without leave of Court. While the Court agrees, the Court nevertheless grants Plaintiff leave, nunc pro tunc, to file the Amended Complaint and accepts the Amended Complaint as filed.

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party "may amend its pleading once as a matter of course" either (1) twenty-one days after serving it, or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Here, Plaintiff had the right to amend his Complaint either twenty-one days after it was first filed or twenty-one days from when the County filed its Answer on August

3, 2020. Plaintiff did not file the Amended Complaint until April 20, 2021, more than eight months after a responsive pleading was filed. Such an amendment required either the consent of Defendants or leave of court, neither of which Plaintiff sought. See Fed. R. Civ. P. 15(a)(2).

However, the Court has broad discretion to grant leave to amend "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because amendments "tend to facilitate a determination on the merits," they are "generally favored." Zucker v. Porteck Global Servs., Inc., No. 13-CV-2674, 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015) (citation omitted). Since Plaintiff's original Complaint was filed when he was acting pro se, and the Amended Complaint has been filed after the appearance of counsel herein—and the parties have all had the opportunity to move as to the Amended Complaint—the Court finds that permitting the Amended Complaint to be accepted favors a just determination on the merits in this action. Accordingly, the Court sua sponte grants Plaintiff leave to file the Amended Complaint nunc pro tunc and finds that the Amended Complaint is properly before the Court.

**C. Claims that Plaintiff has Withdrawn**

In response to the Town Defendants' motion to dismiss, Plaintiff agrees to withdraw the Sixth, Eighth, and Twelfth Causes of Action on the grounds that they are time-barred. (Pl. Mem. of Law in Opp'n to Town's Mot. To Dismiss 9-10, ECF No. 55-18.) Plaintiff also withdraws certain aspects of his Nineteenth Cause of Action. Plaintiff also agrees to withdraw the Twenty-first and Twenty-second causes of action, as alleged against the Town and Costigan. Accordingly, all of those claims are dismissed.[2]

---

[2] As discussed infra, the Court is directing the parties to file additional submissions concerning the statute of limitations. In those submissions, Plaintiff must also show cause, in writing, why, given his withdrawal of the above claims against the Town Defendants, those same claims should not similarly be dismissed against the County and the John Does.

**D. Legal Standard on a Motion to Dismiss**

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the Court is required to accept all of the factual allegations in the Complaint as true and to draw all reasonable inferences in the plaintiff's favor. See Iqbal, 556 U.S. at 678; Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Id. at 678 (quoting Twombly, 555 U.S. at 557).

"[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Thea v. Kleinhandler, 807 F.3d 492, 501 (2d Cir. 2015).

**E. Statute of Limitations**

**1. Section 1986 Claims**

Plaintiff's Section 1986 claim has a one-year statute of limitations. 42 U.S.C. § 1986. Plaintiff's Section 1986 claim accrued when Plaintiff knew or had reason to know of the harm or

injury that is the basis of his action. Young v. Lord & Taylor, LLC, 937 F. Supp. 2d 346, 354 (E.D.N.Y. 2013). At the very least, Plaintiff had to have known or had reason to know of the harm or injury that is the basis of his Section 1986 claim by the date of his sentencing in July 2018. Accordingly, Plaintiff's Section 1986 claim is dismissed as time-barred.

**2. Section 1983 Claims**

All of Plaintiff's Section 1983 claims have a three-year statute of limitations. The Section 1983 claims against the named Defendants all appear to be timely.

Contrary to the County's argument, the fact that the Complaint was filed on April 13, 2020 does not render Plaintiff's claims untimely. The County asserts that because all the events involving Nassau County officers occurred on April 12, 2017, Plaintiff had to file this action by April 12, 2020. However, as Plaintiff points out, April 12, 2020 was a Sunday. Under the Federal Rules of Civil Procedure, the statute of limitations is extended "until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, with respect to his Section 1983 claims, Plaintiff timely commenced this action on April 13, 2020.

The County also argues, in passing, that Plaintiff's claims are time-barred because the Amended Complaint was not filed until April 20, 2021. However, that fact does not necessarily establish that any of Plaintiff's claims are untimely. The Amended Complaint added new claims, but only one new defendant—John/Jane Doe #10. Putting aside the issues concerning the naming of the John and Jane Doe defendants discussed infra, new claims against defendants who were previously named in the original complaint—the County, the Town, and Costigan—would appear to relate back to the filing of the original complaint. Notably, the County does not even address Plaintiff's argument that the statute of limitations was tolled by Government Cuomo's executive orders concerning the COVID-19 pandemic. However, while the Section 1983 claims against the

County, the Town, and Costigan appear to be timely, the Court questions whether any claims against the John/Jane Doe defendants can proceed.

**3. The John/Jane Doe Defendants**

Before the Court addresses the remaining arguments and claims, the Court directs the parties to address a statute limitations issue that has not been adequately explored in the parties' papers. Specifically, the bulk of the defendants in this case are named as John and Jane Does. Plaintiff, however, has not attempted to substitute any specific individual defendants in the place of the John/Jane Doe defendants. It appears that, even if Plaintiff were to attempt to substitute the appropriate named defendants in the place of the John/Jane Does as of today's date, all claims against such newly added defendants would be time-barred unless Plaintiff could establish that he acted diligently to identify the individual defendants and name them as defendants. See Hogan v. Fischer, 738 F.3d 509, 519–20 (2d Cir. 2013); Solomon v. Amazon.com, Inc., No. 18-CV-5528, 2020 WL 2837007, at *2 (E.D.N.Y. May 30, 2020) (dismissing claim against Jane Doe defendant sua sponte where plaintiff failed to name an individual defendant within the statute of limitations period because plaintiff "had access to tools to identify Jane Doe but never used them"), aff'd, 838 F. App'x 638 (2d Cir. 2021).

Nothing in the record suggests that Plaintiff—who has been represented by counsel since March 2021—acted diligently to identify the John/Jane Doe defendants either before or after the statutes of limitations lapsed on Plaintiff's claims under federal and state law.

Accordingly, the Court directs the parties to show cause why all claims against the John/Jane Doe defendants should not be dismissed as time-barred. The parties shall respond, in writing, by April 17, 2023. To the extent Plaintiff claims that he has, in fact, acted diligently, he must provide admissible evidence in support of any such efforts. The parties may file reply papers

by May 1, 2023. Plaintiff must also show cause, in writing, why, given his withdrawal of certain claims against the Town Defendants, those same claims should not similarly be dismissed against the County and the John/Jane Does.

## III. CONCLUSION

For the reasons set forth above, the Court accepts Plaintiff's Amended Complaint, grants Defendants' motions in part, and directs the parties to file further submissions addressing the timeliness of the claims against the John/Jane Doe Defendants in accordance with the schedule set forth above. After the Court receives the parties' submissions, it will address the statute of limitations issue along with the remaining arguments and claims in the motions to dismiss.

**SO ORDERED:**

Dated: March 31, 2023
Central Islip, New York

/s/ Joan M. Azrack
JOAN M. AZRACK
United States District Judge